UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-6-RJC

| RALEIGH ROGERS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | ORDER |
| WELLS FARGO, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss or in the alternative to Stay Action, (Doc. No. 4), Plaintiff's pro se Response, (Doc. No. 6), and related pleadings.

In the Complaint, Plaintiff filed several causes of action under North Carolina law, seeking damages allegedly resulting from Defendant's opening an unauthorized account in his name.[1] (Doc. No. 1-1: Complaint at 1-3). Plaintiff acknowledges that he was notified of the "ongoing Wells Fargo unauthorized account settlement," but asserts he did not join it. (Id. at 1). However, a judgment in a class action certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure is binding on all class members except those who timely opt out. In Re: MI Window and Doors, Inc, Products Liability Litigation, 860 F.3d 218, 223 (4th Cir. 2017) (citing Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367 (1996)).

---

[1] Plaintiff filed the Complaint in Caldwell County (North Carolina) Superior Court, but Defendant removed it to this Court based on diversity jurisdiction. (Doc. No. 1: Notice of Removal at 1).

1

Here, it appears that Plaintiff is in the Settlement Class certified under Rule 23(b)(3) in Jababari v. Wells Fargo & Co., N.D. Cal. Case No. 3:15-cv-2159, Doc. No. 271. (Doc. No. 4-2, Exhibit 1: Revised Order Granting Final Approval of Class Action Settlement at 3).[2] Plaintiff is not, however, listed among the class members who timely opted out. (Id., Exhibits A and B to Order). Therefore, he may be bound by that judgment releasing Defendant from any claims under state law. (Id. at 11). Because Final Approval Order is under review by the United States Court of Appeals for the Ninth Circuit, (Doc. No. 4-1: Memorandum at 10), the Court finds good cause to stay the proceedings in this case until that appeal is resolved.

**IT IS, THEREFORE, ORDERED** that Defendant's motion, (Doc. No. 4), is **GRANTED in part**, and this matter is **STAYED** pending appellate review of the Final Approval Order in Jababari v. Wells Fargo & Co., N.D. Cal. Case No. 3:15-cv-2159, Doc. No. 271.

**IT IS FURTHER ORDERED** that Defendant file a status report notifying Plaintiff and the Court of the status of that appeal every sixty (60) days until the stay is lifted or this case is closed.

Signed: August 9, 2019

Robert J. Conrad, Jr.
United States District Judge

---

[2] , Plaintiff alleges Defendant opened an unauthorized account in his name on December 17, 2013. (Doc. No. 1-1: Complaint 1). The Final Approval Order states: "The Settlement Class is defined as follows: All Persons for whom Wells Fargo … opened an Unauthorized Account … during the period of May 1, 2002 to April 20, 2017 …" (Doc. No. 4-2, Exhibit 1: Revised Order Granting Final Approval of Class Action Settlement at 3).