UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-6-RJC

| | | |
|---|---|---|
| RALEIGH ROGERS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| WELLS FARGO, | ) ) | |
| Defendant. | ) ) ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss or in the alternative to Stay Action, (Doc. No. 4), Plaintiff's pro se Response, (Doc. No. 6), and related pleadings.

In the Complaint, *pro se* Plaintiff filed several causes of action under North Carolina law, seeking damages allegedly resulting from Defendant's opening an unauthorized account in his name.[1] (Doc. No. 1-1: Complaint at 1-3). Plaintiff acknowledges that he was notified of the "ongoing Wells Fargo unauthorized account settlement," but asserts he did not join it. (Id. at 1). Defendant filed a Motion to Dismiss or in the Alternative to Stay the Action on February 14, 2019. This Court stayed this matter on August 9, 2019, pending appeal of the Final Approval Order in Jabbari v. Wells Fargo & Co., N.D. Cal. Case No. 3:15-cv-2159. (Doc. No. 9). On July 20, 2020, the United States Court of Appeals for the Ninth Circuit issued its decision

---

[1] Plaintiff filed the Complaint in Caldwell County (North Carolina) Superior Court, but Defendant removed it to this Court based on diversity jurisdiction. (Doc. No. 1: Notice of Removal at 1).

1

affirming the Final Approval Order in that case. (Case No. 18-16213, Doc. Nos. 149, 150). In light of that ruling, this Court lifted the stay in this case and ordered Plaintiff to show cause as to why the case should not be dismissed. (Doc. No. 17). Plaintiff issued a response on August 21, 2020 arguing that he was not given notice allowing him to opt out, and moreover that his lack of joining the settlement is de facto proof that he opted out. (Doc. No. 18 at 5). Defendant then filed a Notice of Supplemental Authority on April 5, 2021, (Doc. No. 20), to which Plaintiff filed a Response arguing that he had never agreed to join the Jabbari settlement. (Doc. No. 21).

A judgment in a class action certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure is binding on all class members except those who timely opt out. In Re: MI Window and Doors, Inc, Products Liability Litigation, 860 F.3d 218, 223 (4th Cir. 2017) (citing Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367 (1996)). The Settlement Class certified in the aforementioned Jabbari case was defined as: "[a]ll Persons for whom Wells Fargo or Wells Fargo's current or former subsidiaries, affiliates, principals, officers, directors, or employees opened an Unauthorized Account . . . during the period from May 1, 2002 to April 20, 2017, inclusive." Jabbari v. Wells Fargo & Co., No. 15-CV-02159-VC, 2017 WL 5157608, at *3 (N.D. Cal. July 8, 2017), aff'd sub nom. Jabbari v. Farmer, 813 F. App'x 259 (9th Cir. 2020).

Plaintiff alleges that Defendant opened an unauthorized account in his name on December 17, 2013, and Plaintiff's claims stem from this alleged action. (Doc. No. 1-1 at 3). Plaintiff further alleges that he was aware of the ongoing Wells Fargo settlement for such claims, (id.), meaning that he had actual notice of the settlement and the opportunity to opt out. Plaintiff is not, however, listed by the Jabbari Court among the

2

class members who timely opted out, (Doc. No. 4-2, Exs. A and B), and Plaintiff's primary argument that he opted out is simply that his failure to opt in meant, de facto, that he opted out. This argument is insufficient given the explicit Jabbari class opt out procedures that Plaintiff did not follow here.

Therefore, because Plaintiff meets the Jabbari class description and had actual notice of the settlement, but did not affirmatively opt out as required to avoid preclusive effect, "Plaintiff's claims lie exclusively under the jurisdiction of the United States District Court for the Northern District of California, pursuant to the Final Order in the Jabbari case . . . ." Muhammad v. Scharf, No. CV RDB-20-3020, 2021 WL 1198168, at *4 (D. Md. Mar. 30, 2021) (citing the Jabbari Court as holding that the "Court reserves jurisdiction over the Class Representatives, the Settlement Class, and Defendants as to all matters concerning the administration, consummation, and enforcement of the Settlement Agreement"). This Court lacks jurisdiction over Plaintiff's claims, as the U.S. District Court for the Northern District of California retains exclusive jurisdiction over the released claims and parties in question.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 4), is **GRANTED**. The Clerk of Court is hereby directed to close the case.

Signed: May 3, 2021

Robert J. Conrad, Jr.
United States District Judge